**Harry FRIEND, sole trader, dba Friend Rent-A-Car Service, Petitioner,**

v.

**Bob AUBREY, Judge of the Superior Court of Seminole County, Oklahoma, Respondent.**

No. 40135.

Supreme Court of Oklahoma.

Jan. 22, 1963.

Check, Cheek & Cheek, Oklahoma City, for petitioner.

Brown, Brown & Brown, McAlester, for respondent.

BERRY, Justice.

L. C. Johnson, hereafter referred to as "plaintiff", caused this action to be instituted. He seeks to recover damages for bodily injuries sustained as a result of an automobile operated by Gebhard Rahn colliding with one operated by Thomas Blankenship on a public highway in Pittsburg County, Oklahoma. Plaintiff was a passenger in the last mentioned automobile. Plaintiff's cause of action was premised on alleged negligence of Rahn and Blankenship in operating their respective automobiles.

Rahn, Blankenship, Ray Marsh, Documentary Programs, Inc. and petitioner were named parties defendant to the action. In so far as material it was alleged in plaintiff's petition that petitioner leased to Marsh the automobile driven by Rahn; that at time of collision Rahn was the agent and servant of Marsh and Documentary Programs, Inc; that the lease agreement was entered into in the District of Columbia; that by force of Sec. 424, Title 40 of the statutes of said District, Rahn was also an agent of petitioner at time of the accident. It was further alleged that with the exception of Blankenship all defendants were non-residents of this State.

All defendants, excepting Blankenship, were served with summons by serving the Secretary of State.

Petitioner filed below a pleading denominated "Special Appearance and Motion to Quash and Objection to Venue and Jurisdiction." Therein petitioner alleged in substance that none of the defendants was his agent or servant at the time of the collision and for said reason petitioner was not properly served with summons.

Following denial of the above mentioned plea, the instant proceeding was instituted here.

The issue presented by the record and briefs before us is whether the cited statute served to make Rahn petitioner's agent at the time the collision occurred.

The mentioned statute reads thusly:

"Whenever any motor vehicle, after the passage of this chapter, shall be operated upon the public highways of the District of Columbia by any person other than the owner, with the consent of the owner, express or implied, the operator thereof shall in case of accident, be deemed to be the agent of the owner of such motor vehicle, and the proof of the ownership of said motor vehicle shall be prima facie evidence that such person operated said motor vehicle with the consent of the owner."

As we read the above quoted statute, it is clear that same was not intended to have extraterritorial effect and to the contrary only applies where the automobile is "operated upon the public highways of the District of Columbia." We, therefore, are convinced that same did not serve to make Rahn petitioner's agent in Oklahoma.

We are of the opinion that Sec. 424, supra, did not serve to make Rahn petitioner's agent at the time of the collision in this State. For said reason we are convinced that petitioner was not properly served with summons. It follows that the trial court erred in rejecting the plea as to its jurisdiction which was interposed by petitioner.

The trial court is directed to sustain the petitioner's plea as to jurisdiction and to otherwise proceed in accordance with views herein expressed.

HALLEY, V. C. J., and WELCH, DAVISON, JOHNSON, WILLIAMS, JACKSON and IRWIN, JJ., concur.